FREDERICK W. ROBINSON *vs.* AZEL HOWARD & Trustee.

An officer is not liable, by the trustee process, to a creditor of a person arrested by him on a criminal warrant, for money or other property, taken by the officer under color of his official duty, from the person of his prisoner, and for which he gives the latter a receipt.

THIS was an appeal from the judgment of the court of common pleas, discharging James W. Pierce, the alleged trustee, upon his answers, which were substantially as follows: Prior to the service of the writ, the plaintiff complained against the defendant in the police court of the city of Boston, for larceny, by stealing a note of hand, alleged to have been delivered to him for the purpose of getting it discounted. Upon this complaint a warrant was obtained, and placed in the hands of Pierce as an officer and constable, for service; and he, accompanied by the plaintiff, proceeded to Greenfield, in the county of Franklin, and there arrested Howard. Soon after the arrest, Pierce stated to Howard, that it was his duty as an officer to take from him every thing of value which

22 *

might enable him to effect an escape between Greenfield and Boston. Howard protested against the proceeding, and alleged that the note, with the stealing of which he was charged, was payable to his own order. Pierce took from him $175 in money, and sundry small articles of the value of $10. In the course of the return to Boston, Pierce learned such facts from Robinson as satisfied him that no larceny had been committed, and on the morning after his arrival in Boston, went to the jail to return the property to Howard. When upon the platform of the jail, the present trustee process was served upon him. Within a few hours afterwards, Howard's case was examined in the police court, and he was discharged.

In this court, the alleged trustee, being further interrogated, disclosed, that when he took the articles from Howard, as before stated, he gave him a paper acknowledging that he had taken them from him, and he thought he added the words " when arrested on a charge of larceny ; " that he did this to avoid future controversy about what he had taken, and so that there might be something to show how he became possessed of the property, in case any accident should happen to him with it in his possession.

*A. H. Fiske,* for the plaintiff, cited Cush. Trustee Process, 16 to 19 ; *Swett* v. *Brown,* 5 Pick. 178; *Allen* v. *Hall,* 5 Met. 263.

*J. C. Park,* for the trustee.

Shaw, C. J. The court are of opinion, that the judgment of the court of common pleas ought to be affirmed, and the trustee discharged. The trustee was an officer charged with the service of criminal process, issued on the complaint of this plaintiff. He acted by color of his office, and, as incidental to the service of the process, took from the trustee the money and property in question, declaring it to be in performance of his official duty, which was to carry the defendant before the examining magistrate. The prisoner could make no resistance, and in no other way express his objection and dissent, than by protesting, which he did. We think that both the officer, and the plaintiff who claims through him, are estopped to dery that in this respect he acted officially. He is there-

fore within the spirit, if not within the letter of the Rev. Sts. *c.* 109, § 30, clauses 2 and 3. The property was taken by him as a public officer, performing an official duty. We should fear that any other construction would lead to a gross abuse of criminal process. Such process might be used to search the person, or otherwise, under color of lawful authority, to get possession of the property of a debtor, in order to place it in the hands of the officer, and thus make it attachable by trustee process.

The receipt, disclosed in the last examination, given by the officer to the person arrested after the arrest, appears to us to make no difference. It was a mere certificate of the fact that he had taken the property, to give the defendant the benefit of it as proof, and also exempt himself from the charge of any unlawful intent in taking it.

*Trustee discharged*